IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-00376-SRB |
| | ) | |
| LOUIS DEJOY, POSTMASTER GENERAL, | ) | |
| UNITED STATES POSTAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the Court is Defendant Postmaster General of the United States Postal Service Louis DeJoy's ("USPS") Motion to Strike Punitive Damage Claims from the Complaint. (Doc. #5.) For the reasons set forth below, the motion is GRANTED.

### I. FACTUAL BACKGROUND

Plaintiff Kimberly Jackson ("Jackson") is a former employee of the USPS. Jackson asserts three causes of action against the USPS under Title VII of the Civil Rights Act of 1964. 42 U.S.C. § 2000e-16, *et seq*. The claims are as follows: Count I—Sexually Hostile Work Environment and Discrimination Based on Sex; Count II—Racially Hostile Work Environment and Discrimination Based on Race; and Count III—Retaliation. Each claim requests an award of compensatory and punitive damages against the USPS.

The USPS now moves to strike the punitive damages claims from the Complaint. The motion argues that punitive damages cannot be recovered against the USPS under Title VII. The deadline for Jackson to file an opposition was October 6, 2022, and no response has been filed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are viewed with disfavor and infrequently granted. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal citation omitted). In general, a "motion to strike should be denied unless 1) the challenged filing has no possible relation or logical connection to the subject matter of the controversy, and 2) the moving party will be prejudiced." *Evans v. Maplebear Inc.*, No. 4:21-cv-00428-DGK, 2021 WL 5023140, at *2 (W.D. Mo. Oct. 28, 2021).

## III. DISCUSSION

In relevant part, Title VII provides that:

> A complaining party may recover punitive damages under [Title VII] against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

42 U.S.C. § 1981a(b)(1) (emphasis supplied). "Several courts have held in accordance with Section 1981a that the United States Postal Service is a government entity; therefore, punitive damages are not available against it in a Title VII action." *Dotson v. Donohoe*, No. 4:11–CV–1820 NAB, 2013 WL 171025, at *2 (E.D. Mo. Jan. 16, 2013) (citing *Baker v. Runyon*, 114 F.3d 668, 669–672 (7th Cir.1997); *Bailey v. Potter*, No. 05–0294 CVWHFS, 2007 WL 892499 at *8, n.9 (W.D. Mo. March 21, 2007); *Prudencio v. Runyon*, 3 F.Supp.2d 703, 708 (W.D.Va.1998)).

Based on the language of § 1981a, and the case law construing it, the Court finds that the USPS cannot be subjected to punitive damages under Title VII. Jackson's request for punitive damages is therefore immaterial, has no possible relation to this case, and would be prejudicial to the USPS. For these reasons, the USPS's motion to strike is granted.

2

## IV.  CONCLUSION

Accordingly, Defendant's Motion to Strike Punitive Damage Claims from the Complaint (Doc. #5) is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated:  October 7, 2022